## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CITY GREENS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2254** |
| **5001 FRERET STREET, LLC et al.** | **SECTION: "G"** |

## ORDER AND REASONS

Pending before the Court is Plaintiff City Greens, LLC's ("Plaintiff") "Motion to Remand."[1] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion to remand.

## I. Background

On November 15, 2021, Plaintiff filed a Petition in the Civil District Court for the Parish of Orleans, State of Louisiana against Defendants 5001 Freret Street, LLC ("5001 Freret") and Casben, LLC ("Casben").[2] Plaintiff asserts that it had a lease agreement (the "Lease") with 5001 Freret, where Plaintiff was to pay $7,837.50 per month for the first five years of the Lease.[3] Plaintiff avers that that Chris Bullinger, the sole member of 5001 Freret, agreed to accept a reduced monthly rental payment of $4,500 due to the economic burdens of the COVID-19 pandemic.[4] Plaintiff asserts that it understood this rent reduction to be a "forgiveness of the difference"

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 1–2.

[3] *Id.* at 2.

[4] *Id.* at 3.

between the Lease price and the newly agreed upon price.[5] Plaintiff asserts that Bullinger never indicated that the difference in the reduced rental price would have to be repaid to 5001 Freret.[6] Plaintiff alleges that it paid eighteen months of rent at the reduced amount from June 2020 to November 2021, and that 5001 Freret has negotiated all but one of those checks.[7]

Plaintiff avers that on or about October 25, 2021, Bullinger informed Plaintiff that the difference in the rental reduction was due.[8] Plaintiff alleges that had 5001 Freret informed Plaintiff that the rental reduction would not be forgiven, and instead would have to be repaid, Plaintiff would have sought to assign or sublease the premises, as permitted by the Lease.[9]

Plaintiff also avers that Casben has actual or apparent authority to act on behalf of 5001 Freret.[10] Plaintiff alleges that Casben has interrupted Plaintiff's "quiet and/or preaceful possession of the premises by: (1) seeking to enforce certain rent obligations in the Lease that have been modified and ratified by 5001 Freret and [Plaintiff]; and (2) threatening improper and unsupportable legal actions, including eviction, against [Plaintiff]."[11]

Plaintiff seeks a declaratory judgment that the monthly rental amount was modified by oral agreement, and subsequently ratified by the parties.[12] Plaintiff also seeks a declaratory judgment

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 5.

that Casben has interfered with Plaintiff's quiet possession of the premises, and that 5001 Freret has an obligation to defend Plaintiff from Casben's interference.[13]

On December 8, 2021, 5001 Freret removed the case to the Eastern District of Louisiana.[14] In the notice of removal, 5001 Freret argues that removal was proper based on diversity jurisdiction.[15] 5001 Freret notes that the Petition alleges that Plaintiff is a citizen of Louisiana.[16] 5001 Freret further alleges that it is a citizen of Tennessee and Minnesota for purposes of diversity jurisdiction.[17] 5001 argues that although Casben is a citizen of Louisiana, it was improperly joined as a defendant, and thus its Louisiana citizenship does not defeat removal based on diversity jurisdiction.[18]

On December 22, 2021, Plaintiff filed the instant Motion to Remand.[19] On January 4, 2022, 5001 Freret filed its opposition to the Motion to Remand.[20] On January 12, 2022, with leave of Court, Plaintiff filed a reply memorandum.[21]

---

[13] *Id.*

[14] Rec. Doc. 1.

[15] *Id.* at 3.

[16] *Id.*

[17] *Id.*

[19] Rec. Doc. 4.

[20] Rec. Doc. 6.

[21] Rec. Doc. 10.

## II. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of the Motion*

First, Plaintiff argues that removal was improper because the parties' Lease contains a valid forum selection clause limiting 5001 Freret's right to remove the case.[22] Plaintiff points to a provision of the Lease stating that it "shall be subject to the exclusive jurisdiction and venue of the Civil District Court for the Parish of Orleans, State of Louisiana (or, if there is exclusive federal jurisdiction, the U.S. District Court for the Eastern District of Louisiana)."[23] Plaintiff argues that this provision "clearly and unequivocally waived 5001 Freret's right to remove this matter" on the basis of diversity jurisdiction.[24] Plaintiff argues that "unless there is a dispute arising solely under a federal question, such that there were exclusive federal and not state court jurisdiction," the Lease requires that the dispute be litigated in state court.[25] Because 5001 Freret invokes this Court's diversity jurisdiction, which is "not exclusive, but rather concurrent with the state court's jurisdiction," Plaintiff argues that the Lease requires the litigation to occur in state court.[26]

Second, Plaintiff contends that 5001 Freret cannot prove that Casben was improperly joined.[27] Plaintiff asserts that remand is appropriate where "(1) the non-diverse defendant has a direct interest in not just the outcome of the lawsuit, but in the lawsuit itself; (2) the plaintiff is

---

[22] Rec. Doc. 4–2 at 1–2.

[23] *Id.* at 2.

[24] *Id.*

[25] *Id.* at 6–7.

[26] *Id.* at 7.

[27] *Id.*

procedurally required to name the defendant as defendant in the lawsuit; and (3) the potential outcomes of the lawsuit rendered the plaintiff's position 'adverse' to those of the non-diverse defendant."[28] Plaintiff appears to argue 5001 Freret cannot meet its burden of demonstrating that this standard is not met.[29] Plaintiff argues that Casben has "inserted itself into the brewing dispute regarding the Lease," which prompted Plaintiff to seek a declaratory judgment as to Casben's interference.[30] Furthermore, Plaintiff argues Casben directed it "to make all future notices, correspondence, and payments of rent with respect to the Lease through Casben's online tenant portal."[31] However, Plaintiff notes that 5001 Freret instructed Plaintiff to "direct all communications to its counsel of record in this matter."[32] Plaintiff argues that "given the conflicting demands from 5001 Freret and Casben, it only makes sense to adjudicate these rights and obligations with all parties in a single action."[33] Nevertheless, because Casben and Plaintiff are both citizens of Louisiana, Plaintiff argues that the Court does not have subject matter jurisdiction over this case.[34]

**B.    5001 Freret's Arguments in Opposition to the Motion**

In opposition, 5001 Freret argues that the forum selection provision does not waive its right to removal. 5001 Freret contends that the clause "merely identifies Orleans Civil District Court

---

[28] *Id.*

[29] *Id.*at 8.

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.*

*and* the United States District Court for the Eastern District of Louisiana as the exclusive co-existing jurisdictions within which this suit may be adjudicated."[35] 5001 Freret argues that the clause "only solidifies the parties' common desire for the claim to remain in New Orleans."[36] 5001 Freret urges the Court to read the provision as the parties' "consent to personal jurisdiction in the physical location of Orleans Civil District Court, i.e. New Orleans, Louisiana."[37] 5001 Freret contends that the provision "does not address whether the suit should be adjudicated in the state or federal court" in New Orleans.[38] Alternatively, 5001 Freret argues that the clause is at least ambiguous, and thus should be construed to permit removal.[39]

5001 Freret also argues that Casben was improperly joined to defeat removal, and that neither of Plaintiff's causes of action against Casben are viable.[40] First, 5001 Freret argues that Plaintiff cannot succeed on the tortious interference claim because "Louisiana law does not permit a cause of action for tortious interference with a contract *against anyone other than an officer of a corporation*."[41] Second, as to Plaintiff's claim that Casben acted with actual or apparent authority, 5001 Freret argues that Louisiana agency law does not permit the suit against Casben.[42] 5001 Freret contends that under Louisiana agency law, an "agent who discloses his principal is not

---

[35] Rec. Doc. 6 at 1–2.

[36] *Id.* at 2.

[37] *Id.* at 3.

[38] *Id.*

[39] *Id.* at 5.

[40] *Id.*

[41] *Id.*

[42] *Id.* at 5–6; Rec. Doc. 1 at 7.

personally bound to [a] third party."[43] Accordingly, 5001 Freret argues that these principles make "any colorable cause of action against Casben in accordance with the factual allegations made by Plaintiff legally impossible."[44] Therefore, 5001 Freret contends that Casben was fraudulently joined, and thus its citizenship must be disregarded.[45]

## C.    *Plaintiff's Arguments in Further Support of the Motion*

In reply, Plaintiff again argues that the parties' Lease contains a waiver of 5001 Freret's right to remove this case.[46] Plaintiff notes that in its opposition to the motion to remand, 5001 Freret relies on a dissent from a Fifth Circuit opinion enforcing a forum selection clause.[47] Plaintiff argues that the Court should follow the majority opinion in that case, and find that 5001 Freret unequivocally waived its right to removal.[48] Plaintiff argues that the Lease's reference to "exclusive federal jurisdiction" is a "narrow exception" to the clause requiring jurisdiction in the Civil District Court.[49]

Plaintiff also reiterates its argument that Casben was not improperly joined because Plaintiff can obtain a declaratory judgment recognizing its rights under the Lease against Casben.[50] Plaintiff argues that 5001 Freret has attempted to "insert claims for tortious interference and breach

---

[43] Rec. Doc. 6 at 5–6; Rec. Doc. 1 at 7.

[44] Rec. Doc. 6 at 5–6.

[45] Rec. Doc. 1 at 7.

[46] Rec. Doc. 10 at 2.

[47] *Id.* at 3.

[48] *Id.*

[49] *Id.*

[50] *Id.* at 5–6.

of contract" in order to establish improper joinder.[51] However, Plaintiff asserts that it "has not sued Casben for tortious interference or breach of contract."[52] Instead, Plaintiff asserts it "merely seeks a declaratory judgment."[53]

### III. Legal Standard

Unless an act of Congress provides otherwise, a defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[54] Pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."[55] The removing party bears the burden of demonstrating that federal jurisdiction exists.[56] To determine whether jurisdiction is present for removal, the Court must "consider the claims in the state court petition as they existed at the time of removal," and "[a]ny ambiguities are construed against removal."[57] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[58] Remand is appropriate if the Court lacks subject matter

---

[51] *Id.* at 5.

[52] *Id.* at 6.

[53] *Id.*

[54] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

[55] 28 U.S.C. § 1332

[56] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[57] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[58] *Id.* at 723.

jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[59]

## IV. Analysis

Plaintiff contends that the case should be remanded because (1) there is a valid, forum selection clause that limits 5001 Freret's right to remove the case and (2) there is not complete diversity of citizenship as Casben was not improperly joined. For the reasons discussed in detail below, the Court concludes that the parties' Lease agreement clearly and unequivocally bars 5001 Freret from removing the case under these circumstances. Because the case must be remanded on this basis, the Court need not consider whether Casben was improperly joined in order to defeat removal.

### A.   Forum Selection Clause

A defendant may waive its right to removal by "explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract."[60] However, "[f]or a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right."[61] "Ambiguous language cannot constitute a 'clear and unequivocal' waiver."[62] "For a forum selection clause to

---

[59] *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir. 1988)).

[60] *City of New Orleans v. Mun. Admin. Servs., Inc*., 376 F.3d 501, 504 (5th Cir. 2004).

[61] *Id.* (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters*, 944 F.2d 1199, 1212 (5th Cir. 1991) and *Waters v. Browning-Ferris Indus. Inc.*, 252 F.3d 796 (5th Cir. 2001)).

[62] *Grand View PV Solar Two, LLC v. Helix Elec., Inc*., 847 F.3d 255, 257-58 (5th Cir. 2017).

be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."[63]

Plaintiff argues that the case should be remanded because the parties' Lease contains a valid forum selection clause. 5001 Freret argues that the clause does not waive its right to removal, or alternatively, is ambiguous and should be construed to permit removal. The Lease states:

> 25.2 Governing Law; Venue. This Lease shall be governed exclusively by the provisions hereof and by the laws of the State of Louisiana as the same may from time to time exist and shall be subject to the exclusive jurisdiction and venue of the Civil District Court for the Parish of Orleans, State of Louisiana (or, if there is exclusive federal jurisdiction, the U.S. District Court for the Eastern District of Louisiana).[64]

Plaintiff argues that this provision means that "unless there is a dispute arising solely under a federal question, such that there were exclusively federal and not state court jurisdiction, that dispute shall be litigated in the Civil District Court for the Parish of Orleans."[65] In opposition, 5001 Freret argues that the clause "merely identifies Orleans Civil District Court *and* the United States Court for the Eastern District of Louisiana as the exclusive co-existing jurisdictions within which this suit may be adjudicated."[66] 5001 Freret continues that the clause "solidifies the parties' common desire for the claim to remain in New Orleans."[67] According to 5001 Freret, the clause

---

[63] *City of New Orleans*, 376 F.3d at 504.

[64] Rec. Doc. 1–2 at 28.

[65] Rec. Doc. 4–2 at 6–7.

[66] Rec. Doc. 6 at 2.

[67] *Id.*

"does not address whether the suit should be adjudicated in the state or federal court in New Orleans, Louisiana."[68]

The Court cannot agree with 5001 Freret's characterization. By its terms, the Lease *does* address whether the suit should be adjudicated in state or federal court. The quoted clause asserts a general rule that the Lease shall be subject to the "exclusive jurisdiction" of "the Civil District Court for the Parish of Orleans, State of Louisiana."[69] Then, it offers one exception: where "there is exclusive federal jurisdiction," the dispute must be litigated in the Eastern District of Louisiana.[70] 5001 Freret's contention that this clause only refers to suits being brought *in some court* in New Orleans is plainly contrary to the text. The clause clearly and unequivocally states that the Lease is subject to the "exclusive jurisdiction" of the state court unless there is "exclusive federal jurisdiction" over the dispute.

The Supreme Court has explained that "under our federal system, the States possess sovereignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy Clause."[71] As a result, the Court has "consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."[72] Thus, there is a presumption that "state courts enjoy concurrent

---

[68] *Id.* at 3.

[69] Rec. Doc. 1–2 at 28.

[70] *Id.*

[71] *Tafflin v. Levitt*, 493 U.S. 455, 458-59 (1990).

[72] *Id.*

jurisdiction" over federal claims.[73] However, Congress "may confine jurisdiction to the federal courts."[74]

It is precisely this distinction that the parties' Lease makes. Unless Congress has rendered the particular dispute exclusive to federal jurisdiction, the dispute must be litigated in the Civil District Court for New Orleans Parish. Contract disputes are, of course, not within the exclusive jurisdiction of federal courts.[75] They may be, and often are, removed to federal court based on diversity jurisdiction. However, the inclusion of this clause in the Lease represents 5001 Freret's clear and unequivocal waiver of that ability to remove this case.

Defendant cites Judge Garza's dissenting opinion in *Waters v. Browning-Ferris Industries* for the proposition that the contractual provision here "should be read with [an] eye towards personal jurisdiction, not the right to removal to a federal court."[76] In *Waters*, the Fifth Circuit considered a contractual provision that stated as follows:

> Company irrevocably (i) agrees that any such suit, action, or legal proceeding may be brought in the courts of such state or the courts of the United States for such state, (ii) consents to the jurisdiction of each such court in any such suit, action or legal proceeding and (iii) waives any objection it may have to the laying of venue of any such suit, action or legal proceeding in any of such courts.[77]

---

[73] *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477 (1981).

[74] *Id.*

[75] Plaintiff mistakenly suggests that disputes "arising solely under a federal question" are exclusive to federal courts. Rec. Doc. 4–2 at 6–7.  As discussed above, state courts enjoy "concurrent jurisdiction" with federal courts over most federal questions. *Gulf Offshore*, 453 U.S.at 477. However, Plaintiff's mistake is irrelevant here, as Plaintiff is asserting state law claims that 5001 Freret removed based on diversity jurisdiction.

[76] Rec. Doc. 6 at 4.

[77] *Waters v. Browning-Ferris Industries, Inc.*, 252 F.3d 796 (5th Cir. 2001).

The Fifth Circuit's majority opinion found that by agreeing to this provision, the defendant-company "(1) agreed that [the plaintiff] may sue it in an court of Texas, (2) consented to jurisdiction of any court in Texas to decide the case, and (3) waived any objection to venue in any court in Texas."[78] Because removal would "revoke [the] plaintiff's choice to have his case heard" in the Texas state court where it was filed, the Court held that the defendant waived its right to remove the case.[79] In dissent, Judge Garza argued that the provision should be read as the defendant merely consenting to personal jurisdiction in Texas, without waiving its right of removal.[80]

Although the Court acknowledges Judge Garza's well considered position in that dissent, the Court is constrained to follow the majority opinion. Notably, the contractual provision that the Fifth Circuit found to be a clear waiver of the right to removal is even more ambiguous than the contractual provision at issue here. Whereas the Fifth Circuit in *Waters* relied on the contract's implication that the plaintiff would get to choose the forum, the Lease here states explicitly that, with one exception, it is subject to the "exclusive jurisdiction" of the Civil District Court for the Parish of Orleans. Thus, the Fifth Circuit's decision in *Waters* only further supports the Court's conclusion that the Lease agreement waives 5001 Freret's right to remove the case. Because the Lease clearly and unequivocally provides that the Lease is "subject to the exclusive jurisdiction" of the Civil District Court for the Parish of New Orleans unless there is exclusive federal jurisdiction, the Court finds that 5001 Freret has waived its right to removal under these circumstances.

---

[78] *Id.* at 798.

[79] *Id.*

[80] *Id.* at 799.

## V. Conclusion

The parties' Lease agreement clearly and unequivocally bars 5001 Freret from removing the case under these circumstances. Because the case must be remanded on this basis, the Court need not consider whether Casben was improperly joined in order to defeat removal. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand is **GRANTED** and the above captioned case is hereby remanded to the Civil District Court for the Parish of Orleans.

**NEW ORLEANS, LOUISIANA,** this _24th_ day of January, 2022.


_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

14